```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Billy Battle,                       :

      Plaintiff,                  :

  v.                                :       Case No. 2:16-cv-00208

                                          :       JUDGE MICHAEL H. WATSON
Michael Tottman, et. al.,                   Magistrate Judge Kemp

      Defendants.                 :

## REPORT AND RECOMMENDATION

Plaintiff, Billy Battle, a state prisoner currently confined in the Southeastern Correctional Facility in Lancaster, Ohio, filed this action under 42 U.S.C. §1983 against Michael Tottman, a bailiff of the Morgan County, Ohio Court of Common Pleas, asserting a violation of both his due process rights and his right to counsel.  Mr. Tottman filed a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure or, in the alternative, a motion for summary judgment (Doc. 6).  Mr. Battle filed a response.  Mr. Tottman did not file a reply and the motion is now ripe for decision.  For the following reasons, it will be recommended that the motion for summary judgment be granted.

### I. Factual Background

Mr. Battle's complaint is not a model of clarity. Nonetheless, for purposes of the current motion, the Court has distilled some of the following facts from the complaint.  In doing so, the Court notes that, at times, the complaint reads like a petition for a writ of habeas corpus and frequently refers to Mr. Battle as "Petitioner."  Additionally, some of the

following facts are taken from the evidentiary materials submitted by the parties in connection with Mr. Tottman's motion.

On November 29, 2007, Mr. Battle was indicted by a Morgan County grand jury on five counts, including felonious assault, obstructing justice, domestic violence, aggravated menacing with a firearm specification, and resisting arrest with a firearm specification.  Following rulings on various pretrial motions, a jury trial was scheduled for either August 26 or 28, 2008.  The court continued the trial on its own motion and held a hearing on that date instead.  Mr. Tottman was the bailiff responsible for recording the hearing.  The complaint specifically states:

> 22.  On August 26, 2008, a jury trial was scheduled in Defendant's court.  Defendant was the bailiff responsible for recording the hearing.  Defendant pressed the button to record the hearing and pressed the button to stop the hearing when it was finished.  He took the tape and put it with the other hearings.  He would later claim this hearing did not take place.  He would later claim that this tape did not exist.  It was not produced until after the appeal in this matter.

Ultimately, a jury trial was held in May, 2009 and Mr. Battle was convicted on three counts, including felonious assault, obstruction of official business, and resisting arrest.  On November 24, 2009, Mr. Battle was sentenced to ten years of incarceration.  He filed a notice of appeal that day.  In connection with his direct appeal, Mr. Battle's counsel requested records from Dawn Hosom, the court reporter.  The transcript of the motion hearing held in August, 2008 was among the items requested from Ms. Hosom, but it was not provided.

On direct appeal, Mr. Battle raised an assignment of error directed to the denial of his right to a speedy trial.  On September 13, 2010, the Fifth District Court of Appeals affirmed Mr. Battle's conviction and sentence.  The state appellate court

concluded that Mr. Battle was responsible for the delays in his case and that he had waived his right to a speedy trial.

Following the direct appeal process (which concluded in 2011), Mr. Battle, through counsel, filed a motion for delayed appeal on April 11, 2012.  The basis for this delayed appeal was the incomplete record and specifically the missing transcript from the August 26, 2008 hearing.  From Mr. Battle's perspective, the time period following the continuance of the trial scheduled in August, 2008, was charged against him even though it resulted from the trial court's sua sponte action.  Mr. Battle believed that the missing transcript would confirm this fact, making the transcript critical to his speedy trial assignment of error.  In Mr. Battle's view, had the trial court properly certified the entire record on appeal, the appellate court would have sustained his speedy trial claim.  Mr. Battle's motion for delayed appeal was denied on April 19, 2012.

Subsequently, proceeding pro se, Mr. Battle filed a series of motions addressed to the issue of the missing hearing transcript.  These motions included, in part, an application to re-open his direct appeal, a motion to set aside the appellate court's judgment, and a mandamus petition.  All of Mr. Battle's motions were denied.

On March 13, 2013, Mr. Battle filed a state court lawsuit against court reporter Ms. Hosom contending that she had withheld the hearing transcript.  Ms. Hosom prevailed on summary judgment.

Based on these facts, Mr. Battle sets forth two claims in his complaint.  He explains his first claim, which he characterizes as a violation of his due process rights, as follows:

> 40.  Defendant's purposeful action denied the Plaintiff his right to have a meaningful appeal of his conviction and sentence.  Plaintiff has a right to effective assistance during the appellate process.

> Plaintiff has a right to all of the transcripts he requested. This transcript was requested by docketing statement, letter to the court reporter, and orally numerous times.
>
> 41. Defendant has denied the Plaintiff his right to due process. Defendant has done so under the color of state law and in his capacity as a court employee.
>
> 42. As a result of Defendant's actions Plaintiff has been denied the meaningful review of his conviction and sentence.
>
> 43. Plaintiff is requesting damages in excess of the statutory amount.
>
> 44. Plaintiff is also requesting attorney's fees.

In his second claim, which he characterizes as a denial of his right to counsel, Mr. Battle alleges that, as a result of Mr. Tottman's actions, his appellate counsel could not render Mr. Battle effective assistance because he could not challenge all of the issues raised in the August 26, 2008 hearing. Specifically, he states:

> 49. Plaintiff's counsel must have all of the transcripts in a criminal case in order to determine what claims would be raised. Defendant denied his counsel access to all of the transcripts. In fact, this transcript was not provided until after the Ohio Supreme Court decided to decline jurisdiction.
>
> 50. Plaintiff has a right to effective assistance of counsel during his appeal. Defendant's actions caused Plaintiff's counsel to fall below an objective level of care. Specifically, counsel did not have all of the transcripts and therefore was denied the ability to challenge the issues raised in the August 26, 2008 hearing. These related to the speedy trial rights of the Plaintiff and two other issues. This prejuiced Plaintiff because he had valid, colorable claims on appeal.

II. Defendant's Motion

Initially, Mr. Tottman moved to dismiss the complaint based on the Rooker-Feldman doctrine. Mr. Tottman argued that Mr.

Battle is seeking appellate review of state court proceedings, particularly the ruling on his motion for leave to file a delayed appeal, which was based on the omitted transcript.  Mr. Tottman contends that state courts have reviewed, numerous times, the issue of the transcript's omission and have denied all of Mr. Battle's appeals concerning the transcript.

Alternatively, Mr. Tottman moved for summary judgment on four grounds.  First, Mr. Tottman contends that Mr. Battle's due process claim must fail because Mr. Tottman was not responsible for the omission of the transcript from the record in Mr. Battle's case.  Mr. Tottman contends that he did not record the hearing in question, did not believe that the hearing had occurred, was not responsible for filing the tape of the hearing, did his best to locate the tape when asked, and eventually found it, though it had been misfiled.

Mr. Tottman also argues in the alternative that, even with the omission of the transcript from the appellate record, Mr. Battle's due process rights were not violated.  Mr. Tottman points to the various appeals Mr. Battle filed in state court and the state appellate court's rejection of Mr. Battle's speedy trial assignment of error.  Thus, according to Mr. Tottman, the missing transcript did not raise any appealable issues.

Further, Mr. Tottman asserts that Mr. Battle's claim that he was denied the right to counsel cannot succeed because Mr. Battle's argument is a mere recapitulation of his claims concerning the omitted transcript.  Mr. Tottman explains that, because under Ohio law, defendants, and by implication defendants' counsel, are only entitled to a full and complete, albeit not perfect, transcript in capital cases, it logically follows that the transcript in Mr. Battle's criminal case need not be perfect either.  In short, Mr. Tottman contends that

because Mr. Battle had an attorney throughout his criminal case, his right to counsel was never violated.

Additionally, Mr. Tottman argues that this action is barred by the statute of limitations. According to Mr. Tottman, the statute of limitations on Mr. Battle's §1983 claim, which is two years in Ohio, began to run on December 7, 2009, the date on which Mr. Battle alleged in his state court proceeding against Ms. Hosom that he was first denied his transcript. Finally, Mr. Tottman argues that he is entitled to qualified immunity.

In response to Mr. Tottman's reliance on the Rooker-Feldman doctrine, Mr. Battle contends that he is, in fact, not appealing a state-court judgment, because no state court has definitively ruled on whether the omission of the transcript from the record violated Mr. Battle's due process rights. Thus, a favorable ruling in this case would not reverse any state-court decisions, and the Rooker-Feldman doctrine does not apply.

Turning to the motion for summary judgment, Mr. Battle first contends summary judgment is not appropriate because discovery has not yet been undertaken. More substantively, Mr. Battle contends that a genuine issue exists as to whether Mr. Tottman "was the person who started the tape recorder or not."

Regarding his right to counsel claim, Mr. Battle asserts that he is not asking for perfection but instead for what the Constitution requires — that is, a full and complete transcript. Mr. Battle contends that Mr. Tottman was not only responsible for recording the hearing and later claiming that the transcript did not exist but also decided which portions of the transcript of the hearing to provide to Mr. Battle's appellate counsel.

In response to Mr. Tottman's statute of limitations argument, Mr. Battle explains that he did not know until 2014 that Mr. Tottman was responsible for the omission of the transcript from the record. Mr. Battle states that, in 2009, he

only knew that Mr. Tottman was present at the hearing and that important matters were discussed.  According to Mr. Battle, even now he is not sure whether Mr. Tottman or the John Doe defendant recorded the hearing.

Finally, Mr. Battle contends that Mr. Tottman is not entitled to qualified immunity.  His argument on this point is brief and inconsistent with his statute of limitations argument.  That is, in challenging Mr. Tottman's defense of qualified immunity, Mr. Battle contends that Mr. Tottman recorded the hearing and acted deliberately in depriving him of the transcript.

### III.  Rule 12(b)(1)

As noted, Mr. Tottman initially has moved to dismiss the complaint under Fed.R.Civ.P. 12(b)(1).  Because a challenge to the Court's subject-matter jurisdiction presents a threshold issue, the Court will address this issue first.

#### A.  Legal Standard

In response to a Rule 12(b)(1) motion challenging subject matter jurisdiction, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." Moir v. Greater Cleveland Regional Transit Auth., 895 F.2d 266, 269 (6th Cir. 1990).  Motions to dismiss for lack of subject matter jurisdiction fall into two general categories:  facial attacks and factual attacks. United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994).  "A facial attack is a challenge to the sufficiency of the pleading itself.  On such a motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." Id. (citing Scheuer v. Rhodes, 416 U.S. 232, 235-37 (1974).  A factual attack, by contrast, is a challenge to the factual existence of subject matter jurisdiction. Id.  On such a motion, the facts alleged in the complaint are not presumptively true,

and the Court is free to weigh evidence in order to satisfy itself that it has jurisdiction.  Id. (citing Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990)).  Since Mr. Tottman has made a facial attack on Mr. Battle's complaint, the Court will take all material allegations in the complaint as true and will construe them in Mr. Battle's favor for the purpose of considering Mr. Tottman's motion to dismiss.

B.   Analysis

The basis for Mr. Tottman's jurisdictional argument is the Rooker-Feldman doctrine.  In making this argument, however, Mr. Tottman relies on an interpretation of the Rooker-Feldman doctrine that predates the decision of the United States Supreme Court in Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  The current understanding of the doctrine, following Exxon, has been explained as follows:

> The Rooker-Feldman doctrine precludes "lower federal courts ... from exercising appellate jurisdiction over final state-court judgments." Skyway Inv. Corp. v. Tushman, 541 F.App'x 536, 538 (6th Cir. 2013)(quoting Lance v. Dennis, 546 U.S. 459, 463 (2006)).  The doctrine is "confined to cases ... brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Id. (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).  Subject matter jurisdiction is lacking under the Rooker-Feldman doctrine if: (1) the plaintiff is "the losing party in state court," Id. (quoting Skinner v. Switzer, 562 U.S. 521 (2011); and (2) the plaintiff is asking the district court to "'review and reject [] those judgments, which were 'rendered before the district court proceedings commenced,'" Id. (quoting Exxon Mobil Corp., 544 U.S. at 284).  "The pertinent inquiry ... is whether the 'source of the injury' upon which [the] plaintiff bases his federal claim is the state court judgment, not simply whether the injury complained of is 'inextricably intertwined' with the state-court judgment."  Id.  (quoting Kovacic v. Cuyahoga Cnty.

Dep't of Children and Family Servs., 606 F.3d 301, 309 (6th Cir. 2010)(quoting McCormick v. Braverman, 451 F.3d 382, 394 (6th Cir. 2006)).

Kasidonis v. State Auto Insurance Agency, 2016 WL 1337288, *4 (S.D. Ohio March 31, 2016).

Here, Mr. Battle is not claiming injury from a state court judgment. Instead, he is seeking damages for Mr. Tottman's alleged actions. As Mr. Battle points out, no state court has addressed this issue. While the judgments of the state appellate courts may have preclusive effect in this case, no judgment in this case would directly overrule any prior judgments in state court. Under this circumstance, the Rooker-Feldman doctrine does not operate to preclude this Court's subject matter jurisdiction. For this reason, the Court will not recommend granting Mr. Tottman's motion to the extent it seeks dismissal under Rule 12(b)(1).

### IV. Motion for Summary Judgment
#### A. Legal Standard

As explained above, Mr. Tottman also has moved for summary judgment on several grounds. Summary judgment is not a substitute for a trial when facts material to the Court's ultimate resolution of the case are in dispute. It may be rendered only when appropriate evidentiary materials, as described in Fed. R. Civ. P. 56(c), demonstrate the absence of a material factual dispute and the moving party is entitled to judgment as a matter of law. Poller v. Columbia Broad. Sys., Inc., 368 U.S. 464 (1962). The moving party bears the burden of demonstrating that no material facts are in dispute, and the evidence submitted must be viewed in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970). "[I]f the evidence is insufficient to reasonably support a jury verdict in favor of the nonmoving party, the motion for

summary judgment will be granted." Cox v. Kentucky Dept. of Transp., 53 F.3d 146, 150 (6th Cir. 1995)(citation omitted). Additionally, the Court must draw all reasonable inferences from that evidence in favor of the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654 (1962).  The nonmoving party does have the burden, however, after completion of sufficient discovery, to submit evidence in support of any material element of a claim or defense on which that party would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  Of course, since "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, the responding party is only required to respond to those issues clearly identified by the moving party as being subject to the motion.

### B.  Analysis

Among the issues Mr. Tottman raises on summary judgment is that Mr. Battle's claims are barred by the applicable statute of limitations.  Because this also is a threshold issue, the Court will address it first in considering the summary judgment portion of Mr. Tottman's motion.

#### 1.  The Statute of Limitations

The parties agree that Mr. Battle's §1983 claim is subject to Ohio's two-year statute of limitations for claims of bodily injury, R.C. §2305.10.  See, e.g., LRL Properties v. Portage Metro Housing Authority, 55 F.3d 1097 (6th Cir. 1995).  The parties disagree, however, on when the statute of limitations began to run.

-10-

Although state law governs the limitations period for actions filed pursuant to §1983, federal law governs when the limitations period begins to run. Wallace v. Kato, 549 U.S. 384, 388 (2007). The limitations period begins to run when the cause of action accrues; that is, when the Plaintiff "knows or has reason to know of the injury which is the basis of his action. A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." Roberson v. Tennessee, 399 F.3d 792, 794 (6th Cir. 2005), quoting Sevier v. Turner, 742 F.2d 262, 273 (6th Cir. 1984).

In determining when a plaintiff knows or has reason to know of the injury, courts use a "common-sense" approach, considering "what event should have alerted the typical lay person to protect his or her rights." Id., quoting Hughes v. Vanderbilt Univ., 215 F.3d 543, 548 (6th Cir. 2000). This is known as the "discovery rule."

Applying these principles, Mr. Tottman argues that Mr. Battle's claim accrued on December 7, 2009. According to Mr. Tottman, in Mr. Battle's lawsuit against Ms. Hosom, this was the date on which Mr. Battle alleged that she had violated his rights by refusing to produce the transcript. Alternatively, Mr. Tottman contends that Mr. Battle knew of his injury no later than March 18, 2013, when he filed his suit against Ms. Hosom. In either circumstance, Mr. Tottman asserts, the statute of limitations on Mr. Battle's §1983 claim had run well before Mr. Battle filed his complaint in this case on March 8, 2016.

In response, Mr. Battle contends that the statute of limitations did not begin to run until after the state court found in 2014 that Ms. Hosom was not responsible for the omission of the transcript from the appellate record. As he states, "[i]t was not until 2014 when summary judgment was granted in the civil matter in state court that Plaintiff understood that it was the

-11-

Defendant who failed to provide this transcript to him and his attorney for appellate litigation."  Mr. Battle further explains that in fact, as of May 16, 2014, he did not know, and still does not know, who recorded the hearing in question.

The Court's starting point in considering the statute of limitations defense applicable to Mr. Battle's §1983 claims is the specific injury he is claiming.  Mr. Battle's asserted injury is the denial of the transcript of the August, 2008 hearing which he alleges violated both his due process rights and his right to counsel.  Mr. Battle believes that the availability of this transcript would have allowed him to prevail on a speedy trial issue in his direct appeal.

Mr. Tottman contends that Mr. Battle was aware of this alleged injury as early as December, 2009 and certainly no later than March, 2013.  The complaint itself asserts that a motion for delayed appeal on the basis of the missing transcript was filed on Mr. Battle's behalf on April 11, 2012.  Any one of these dates supports a recommendation of dismissal on the ground that this action is time-barred.  In an effort to avoid this result, however, Mr. Battle asserts that the statute of limitations did not begin to run until he was able to identify Mr. Tottman as the allegedly responsible party.

Mr. Battle's position demonstrates a fundamental misunderstanding of the governing law.  Mr. Battle seems to be suggesting that his §1983 claim cannot be found to have accrued for statute of limitations purposes until he became aware of Mr. Tottman's alleged role in denying access to the transcript.  Mr. Battle's suggestion is inconsistent with established precedent.  In Easterly v. Budd, 2006 WL 2404143 (N.D. Ohio Aug. 18, 2006), the plaintiff made a similar argument in seeking to avoid the two-year statute of limitations.  In that case, the plaintiff contended that the limitations period began to run on the

earliest date that "'a reasonably prudent person would have been aware of all state actors and co-conspirators responsible for the violation of Plaintiff's constitutional rights.'"  Id., at *8.  In rejecting that argument, the court explained:

> ... Federal procedural law provides that a plaintiff need not be aware of every detail or person involved in causing his injury for the limitations period to commence.  See Mounts v. Grand Trunk Western R.R., 198 F.3d 578 (6th Cir.2000) (holding that under the discovery rule, a cause of action "accrues" when an employee knows of the injury and its cause, not from discovery of legal liability); New Castle County v. Halliburton NUS Corp., 111 F.3d 1116 (3d Cir. 1997) (holding that the discovery rule does not delay the running of the statute of limitations until a plaintiff is aware of all the facts, including identification of every party who may be liable on its claim); Compton v. Ide, 732 F.2d 1429, 1433 (9th Cir. 1984)("When a plaintiff has notice of wrongful conduct, it is not necessary that he have full knowledge of all the details or all of the persons involved in order for his cause of action to accrue.")(citing Blanck v. McKeen, 707 F.2d 817, 819-20(4th Cir. 1983)(per curiam) cert. denied, 464 U.S. 916, 104 S.Ct. 279, 78 L.Ed.2d 258 (1983)).

This is precisely the situation presented here.  Mr. Battle's claim did not accrue in 2014 with his discovery of Mr. Tottman's alleged responsibility in denying Mr. Battle access to the transcript of the August, 2008 hearing.  Rather, Mr. Battle's claim accrued when he knew of his injury – the unavailability of the transcript he believed was necessary in order to effect a meaningful appeal.  According to the complaint, Mr. Battle's claim could have accrued no later than April 11, 2012 because that is the date on which Mr. Battle filed a motion for a delayed appeal on the basis that the transcript was omitted from the record.  That date is nearly four years before Mr. Battle filed his complaint in this action.  Consequently, the Court will recommend that Mr. Tottman's motion for summary judgment be

-13-

granted on the ground that this action is time-barred.

In support of his contrary argument, Mr. Battle contends that Mr. Tottman denied that the August, 2008 hearing had taken place or that a recording of the hearing existed.  This suggestion does not require a different result.  First, the complaint alleges that Mr. Tottman was responsible for recording the hearing and, in fact, did so.  This allegation alone sufficiently supports the conclusion that Mr. Battle's exercise of reasonable diligence would have required him to investigate Mr. Tottman's role in the denial of the transcript well before the state court granted Ms. Hosom's motion for summary judgment.  Mr. Battle's contentions  also suggest, however, that Mr. Tottman's untruthfulness prevented Mr. Battle from uncovering Mr. Tottman's alleged role.

To the extent that this contention could be construed as some type of tolling argument, it cannot succeed.  Mr. Battle does not specifically identify an "equitable tolling," "equitable estoppel," or "fraudulent concealment" theory.  "[E]quitable tolling applies 'only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumsntances beyond that litigant's control.'"  Wilder v. Collins, 2012 WL 786855, *2 (S.D. Ohio March 9, 2012), quoting Graham-Humprheys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 561 (6th Cir. 2000).  "Equitable tolling applies where there lacks any allegation of impropriety on the defendant's part, while equitable estoppel (otherwise referred to as fraudulent concealment) applies exclusively in situations where demonstrated egregious wrongdoing by a defendant prevents a plaintiff from bringing suit on a claim of which plaintiff is aware."  Easterly, 2006 WL 2404143, at *9, citing Hill v. United States DOL, 65 F.3d 1331, 1338 (6th Cir. 1995).  None of these situations is presented here.  As set forth above, Mr. Battle was both aware of

his injury and believed that Mr. Tottman recorded the hearing well before the state court ruling in 2014.

Finally, the Court notes that, while Mr. Battle is seeking money damages relating to claims arising in connection with his appeal, to the extent these allegations could be construed as implying the invalidity of Mr. Battle's conviction, this action would be barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The complaint reveals that the criminal proceedings against Mr. Battle have not been resolved in his favor.  Under Heck, "[a] claim for damages [implying the invalidity of] a conviction or sentence that has not been so invalidated is not cognizable under 1983." Id.

2. Remaining Issues

Because the Court concludes that this case is time-barred, it will not address the other issues raised by Mr. Tottman's motion.

VI. Recommendation

For the reasons set forth above, it is recommended that Defendant's Motion to dismiss, or in the alternative, motion for summary judgment (Doc. 6) be granted.  To the extent that Plaintiff's claims are barred by the statute of the limitations, his claims should be dismissed with prejudice.  To the extent that his claims are barred by Heck v. Humphrey, they should be dismissed without prejudice.

V. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).


/s/ Terence P. Kemp
United States Magistrate Judge