UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Billy Joe Battle,

      Plaintiff,                         Case No. 2:16–cv–208

      v.                             Judge Michael H. Watson
                                             Magistrate Judge Kemp

Michael Tottman, *et al.*,

      Defendants.

## OPINION AND ORDER

Billy Joe Battle ("Plaintiff") objects to the United States Magistrate Judge's Report and Recommendation, ECF No. 10 ("R&R"), recommending that Michael Tottman's ("Defendant") motion to dismiss, or in the alternative, for summary judgment, be granted. Obj., ECF No. 13. For the reasons that follow, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the R&R, and **DISMISSES** the action.

I.

When a party timely objects to a report and recommendation, the reviewing District Judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). *See also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). The reviewing District Judge "may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## II.

The R&R accurately summarized the facts of this case, which will not be repeated at length here. Briefly, Plaintiff, a state prisoner, filed this action on March 8, 2016, pursuant to 42 U.S.C. § 1983, asserting that Defendant, a bailiff of the Morgan County, Ohio Court of Common Pleas, violated Plaintiff's due process rights and rights to counsel. According to Plaintiff, Defendant denied Plaintiff and his counsel access to a transcript of a hearing conducted on August 26, 2008 ("the transcript" and "the hearing"), which deprived Plaintiff of meaningful review of his conviction and sentence and prohibited his appellate counsel from rendering effective assistance.

In the R&R, the Magistrate Judge concluded that Plaintiff's claims are barred by the applicable statute of limitations. In reaching this conclusion, the Magistrate Judge first noted that the parties agree that a two-year statute of limitations applies to Plaintiff's Section 1983 claims. The Magistrate Judge accurately explained that the limitations period starts to run when Plaintiff's claim accrues, *i.e.*, when Plaintiff knows or has reason to know of the injury that is the basis of his action. The Magistrate Judge further explained that Plaintiff had reason to know of his injury when, through the exercise of reasonable diligence, he should have discovered it.

Applying those principles, the Magistrate Judge found that Plaintiff's claims

accrued on April 11, 2012, because that is when Plaintiff admits that he knew of his injury, *i.e.*, the unavailability of the transcript that he believed was necessary. Specifically, the Complaint, ECF No. 1, itself asserts that on April 11, 2012, Plaintiff's counsel filed a motion for delayed appeal on the basis of the missing transcript. Because that date is almost four years before Plaintiff filed this action, the Magistrate Judge determined that Plaintiff's claims are time-barred and should be dismissed with prejudice. In so concluding, the Magistrate Judge went on to reject Plaintiff's tolling arguments.

### III.

Although difficult to follow, the focus of Plaintiff's objection is that the Magistrate Judge erred in finding that Plaintiff knew of his injury for purposes of the statute of limitations when he learned that the transcript was missing. In advancing this argument, Plaintiff takes the position that the statute of limitations did not begin to run until he was able to identify Defendant as the allegedly responsible party. Plaintiff therefore goes on to argue that the Magistrate Judge erred in finding that Plaintiff, through the exercise of reasonable diligence, could have learned that it was Defendant who was the person responsible for recording the hearing and that it was Defendant who denied Plaintiff the transcript.

Plaintiff's arguments miss the mark. "[U]nder federal law, as developed in this Circuit, the statute-of-limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Ruiz–Bueno v. Maxim Healthcare Servs, Inc.*, 659 F. App'x 830, 833–

34 (6th Cir. 2016) (quoting *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007)) (internal quotation marks and citations omitted). "[T]he statute of limitations commences to run when the plaintiff knows or has reason to know of the *injury* which is the basis of his action." *Id.* at 834 (quoting *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)) (internal quotation marks omitted) (emphasis added by *Ruiz–Bueno*, 659 F. App'x 830). Therefore, "[d]iscovery of the *injury*, not discovery of the other elements of a claim, is what starts the clock." *Id.* (quoting *Rotella v. Wood*, 528 U.S. 549, 555 (2000)) (internal quotation marks omitted) (emphasis added by *Ruiz–Bueno*, 659 F. App'x 830).

Here, Plaintiff's injury is the unavailability of the transcript that he believed was necessary. As the Magistrate Judge correctly found, Plaintiff knew of this injury at least by April 11, 2012, which is the date that his counsel filed a motion for delayed appeal on the basis of the missing transcript. *See* Compl. ¶ 27, ECF No. 1. Because Plaintiff did not file this action until March 8, 2016, *i.e.*, more than two years after he discovered the injury, his claims are barred by the statute of limitations.

Finally, to the extent that Plaintiff argues that the limitations period is tolled while he attempted to identify who recorded the hearing and who denied him access to the transcript, those arguments are similarly unavailing. *See, e.g., id.*; *Dowdy v. Prison Health Servs.*, 21 F. App'x 433, 435 (6th Cir. 2001) ("The statute of limitations is not tolled while a plaintiff attempts to identify the correct defendants.").

## IV.

Having performed a de novo review of the R&R, the Court agrees with the Magistrate Judge that Plaintiff's claims are time-barred and must be dismissed. The Court therefore **OVERRULES** Plaintiff's Objection, ECF No. 13, **ADOPTS** the R&R, ECF No. 10, and **GRANTS** Defendant's motion to dismiss, or in the alternative, for summary judgment, ECF No. 6.

The Clerk is **DIRECTED** to enter final judgment in this case.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**